IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

PHYLLIS GIBSON PICKETT, *et al.*,   :
                                    :
        Plaintiffs,                 :
                                    :
v.                                  :        CASE NO.: 7:24-CV-141 (WLS)
                                    :
ALLSTATE VEHICLE & PROPERTY         :
INS. CO.,                           :
                                    :
        Defendant.                  :
                                    :

## ORDER

Before the Court are Defendant's Motion for Summary Judgment (Doc. 7) and Plaintiffs' Motion to Withdraw a Request for Admission (Doc. 8), filed on May 20 and May 22, 2025, respectively. The motions relate to certain requests for admission that were deemed admitted due to Plaintiffs' failure to timely respond in accordance with the Federal Rules of Civil Procedure. As such, the Court addresses both motions in this Order. For the reasons stated below, Plaintiffs' Motion to Withdraw (Doc. 8) is **GRANTED**. Defendant's Motion for Summary Judgment (Doc. 7) is **DENIED**.

## I.   RELEVANT BACKGROUND

Plaintiffs initiated this action by filing a lawsuit against Defendant Allstate Vehicle and Property Insurance Company ("Defendant" or "Allstate") in the Superior Court of Lowndes County on November 12, 2024. (Doc. 1-1). Plaintiffs assert claims for breach of contract, bad faith, and attorneys' fees arising from Allstate's alleged failure to tender full payment necessary to remediate damage caused to Plaintiffs' property. (*See generally id.*) Plaintiffs allege that the damage resulted from Hurricane Idalia on August 30, 2023, and that under the policy, Allstate agreed to provide coverage against such loss. (Doc. 1-1 at 3). Allstate disputes that the claimed loss and damage was the result of Hurricane Idalia. (Doc. 7-1 at 2); (Doc. 1-2).

Allstate subsequently removed the case to this Court on December 30, 2024. (Doc. 1). The Court entered a Discovery Order (Doc. 6) on March 14, 2025. Shortly thereafter, on March 24, 2025, Allstate propounded its First Set of Interrogatories, Requests for Production,

1

and Requests for Admission. (Doc. 8 at 2). Plaintiffs' responses were due no later than April 28, 2025. (*Id.*) Plaintiffs, however, did not serve the responses until May 19, 2025, twenty-one days after the deadline. (*Id.*) Allstate filed its Motion for Summary Judgment (Doc. 7) the next day, arguing that its requests for admissions are deemed admitted by operation of Rule 36(a)(3) and that such admissions bar Plaintiffs' recovery. (Doc. 7 at 3). In other words, Allstate's motion rests entirely on the basis of the deemed admissions. Plaintiffs filed their Motion to Withdraw (Doc. 8) on May 22, 2025, seeking the Court's permission to withdraw the deemed admissions pursuant to Federal Rule of Civil Procedure 36(b).

## II.    **MOTION TO WITHDRAW ADMISSIONS**

A party may "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Under Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Once the matter is admitted, Rule 36(b) provides that it is "conclusively established unless the court on motion permits withdrawal or amendment of the admission."

Here, Allstate served Plaintiffs with requests for admissions on March 24, 2025. (Doc. 8 at 2). Plaintiffs acknowledge that their responses were due no later than April 28, 2025, but were not served until May 19, 2025. (*Id.*) Thus, the matters set forth in the requests for admissions are deemed admitted under Rule 36.

In determining whether to allow a party to withdraw or amend admissions, the Court uses a two-part test. *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002). "First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.* (citing *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988)). The first prong of this test "'emphasizes the importance of having the action resolved on the merits,' and is 'satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'" *Id.* at 1266 (quoting *Smith*, 837 F.2d at 1577 and *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). Therefore, a

2

withdrawal is proper when it "aid[s] in the ascertainment of the truth and the development of the merits." *Id.* (quotation marks omitted).

Here, Plaintiffs' deemed admissions extend to the essential elements of their claims: that the damages for which Plaintiffs seek compensation existed prior to August 30, 2023; that the damages for which compensation is being sought are excluded from the policy coverage; and that Allstate paid all that was owed on Plaintiffs' claim. (Doc. 7-1 at 3–4). Allstate relies on these admissions to establish that it fulfilled its obligations under the policy, which is the central issue in this case. Further, those requests for admission that do not seek admission of essential elements do relate to matters that are "highly significant, if not central, to this litigation." *Harden v. Target Corp.*, No. 09-60010-CIV, 2009 WL 1456349, at *2 (S.D. Fla. May 22, 2009). The requests, if deemed admitted, strongly bolster Allstate's position on the merits, and withdrawal or amendment of the admissions, particularly at this early stage in the litigation, would undoubtedly aid in the "ascertainment of the truth and the development of the merits." *Smith*, 837 F.2d at 1577. Thus, the first prong of the test is satisfied.

The second prong requires the Court to ascertain "the difficulty a party may face in proving its case . . . because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Perez*, 297 F.3d at 1266 (quoting *Smith*, 837 F.2d at 1578). The mere "inconvenience in having to gather evidence . . . does not rise to a level of prejudice that justifies a denial of the withdrawal motion." *Id.* at 1268. Allstate must instead "persuasively demonstrate that it will unfairly face evidentiary burdens stemming from the process of possessing and then losing the admissions." *Nat'l Fire & Marine Ins. Co. v. Wells*, 301 F. Supp. 3d 1082, 1091 (N.D. Ala. 2018).

Here, Allstate points only to its motion for summary judgment, arguing that if Plaintiffs are permitted to withdraw the deemed admissions, the preparation and drafting of the motion will have been a wasted effort. (Doc. 9 at 4). But at the time Allstate's motion was filed, it had relied on the deemed admissions for a period of only three days—from May 19, 2025, when Plaintiffs served their responses to May 22, 2025, the day on which Plaintiffs requested a withdrawal. *See Perez*, 297 F.3d at 1268 (concluding that allowing an amendment or withdrawal did not create a "sudden need" for the plaintiff to obtain evidence where the defendants' request for withdrawal was made six days after their responses were served on the plaintiff).

And Allstate does not identify any evidence it must now suddenly obtain in order to move forward with the case. Nearly four months remained in the discovery period when the pending motions were filed—more than enough time for Allstate to obtain evidence or pursue additional discovery with respect to the deemed admissions. (*See* Doc. 6) (setting the deadline for factual discovery in this case for September 8, 2025).

In *Nat'l Fire & Marine Ins. Co. v. Wells*, the plaintiff served his responses to the defendant's requests for admissions after the discovery period ended and after the defendant filed a motion for summary judgment based on the deemed admissions. 301 F. Supp. 3d at 1091. The plaintiff failed to file any type of motion to withdraw the deemed admissions and offered no defense, reason, or excuse for the late submission of his responses. *Id.* Additionally, the plaintiff refused to answer questions pertaining to the case under oath and failed to serve any initial disclosures or responses to other discovery requests. *Id.* The court found that the defendant would indeed suffer undue prejudice without the admissions, particularly given the uncertainty and delay caused by the plaintiff's conduct and the lack of any viable explanation for his repeated noncompliance. *Id.* at 1091–92.

Here, Plaintiffs' responses, albeit late, were served twenty-one days after the expired deadline and with ample time remaining in the discovery period. Plaintiffs explain that the delay in serving their responses was neither willful nor in bad faith but rather due to "a clerical oversight compounded by internal staffing transitions" within Plaintiffs' counsel's firm. (Doc. 8 at 2). Plaintiffs also promptly filed their motion to withdraw within three days of serving their responses and two days after Allstate filed its motion for summary judgment. Despite Allstate's reference to Plaintiffs' counsel's conduct in other cases, there is no indication, in the present case, that Plaintiffs' noncompliance in discovery will continue.

Allstate has been aware from the inception of this case that Plaintiffs disputed the matters contained in the requests for admissions, for instance, the cause and extent of property damage, the applicability of alleged policy exclusions, and the adequacy and good faith of Allstate's investigation. There is no element of surprise here; the only prejudice Allstate will suffer is to continue litigating this case through summary judgment and/or trial. *See Green v. Costco Wholesale Corp.*, No. 8:17-cv-1428-T-27AAS, 2018 WL 1899031, at *2 (M.D. Fla. Apr. 20, 2018) ("When the party who obtained the admissions knows—from the start of this case—

4

that she must prove the elements of her cause of action and trial has not yet begun, there is no prejudice to that party under Rule 36(b).”). Thus, the second prong of the test is satisfied.

## CONCLUSION

In sum, the two prongs of the *Perez* test are satisfied. Therefore, Plaintiffs' Motion to Withdraw a Request for Admission (Doc. 8) is **GRANTED**. Defendant's Motion for Summary Judgment (Doc. 7), relying entirely on the now-withdrawn admissions, is **DENIED**.

Further, because the Court's original deadline for fact discovery has now expired, the Parties are **INSTRUCTED** to confer and inform the Court, in writing, of the present status of discovery in this case and whether they believe an extension of the discovery period is necessary. The Parties shall file said report **within seven (7) days** of the entry of this Order, or **by no later than Friday, February 20, 2026**.

**SO ORDERED**, this 13th day of February 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**