**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| PHYLLIS GIBSON PICKETT and SAMIUL PICKETT<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>Defendant. | Case No.: 7:24-CV-00141-WLS |

**ORDER**

This matter is before the Court on Defendant Allstate Vehicle and Property Insurance Company's omnibus motion in limine. (Doc. 28.)

## I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs Phyllis and Samiul Pickett allege that in August 2023, Hurricane Idalia damaged their home. (Doc. 1-1 ¶ 8.) The Picketts submitted a claim for coverage under a home insurance policy they held with Allstate. (*Id.* ¶ 9.) Allstate estimated Plaintiffs' covered loss as $1,414.54 in actual cash value and their repair cost as $1,634.21. (*Id.* ¶ 14.) After applying a policy deductible and a recoverable depreciation reduction, Allstate issued the Picketts a $1,121.18 payment. (*Id.* ¶ 15.) The Picketts, however, estimate their covered losses to be $84,512.07. (*Id.* at 62.) The Picketts sued Allstate in Lowndes County Superior Court for breach of contract and seek attorneys' fees and a bad faith penalty. (*Id.* ¶¶ 21–44.)

Allstate moves for an order prohibiting the Picketts from presenting any of the following:

1. References to Allstate's public image, including references to Allstate's size, wealth, finances, advertising, or reputation. (Doc. 28 at 2–3.)
2. Opinions regarding coverage and Allstate's duties under the policy. (*Id.* at 4–5.)
3. Violations of the Unfair Claims Settlement Practices Act as evidence of bad faith. (*Id.* at 5–6.)
4. Opinion testimony from any undisclosed expert. (*Id.* at 7–9.)

## II. LEGAL STANDARD

The purpose of a motion in limine is to avoid the introduction of evidence at trial that "is clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of trial. *See Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, No. 2:07-CV-16-FtM-99SPC, 2011 WL 470651, at *2 (M.D. Fla. Feb. 2, 2011) (citations omitted). But the context at trial is often necessary to determine the admissibility of evidence. That is why "*in limine* rulings to admit or exclude evidence are always preliminary and conditioned on what the evidence shows at trial." *Rosenfeld v. Oceania Cruises, Inc.*, 682 F.3d 1320, 1325 (11th Cir. 2012) (Tjoflat, J., dissenting) (citations omitted); *see Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."). Additionally, a ruling on a motion in limine does not relieve counsel of their duty to make proper contemporaneous objections at trial. *See Cephus v. CSX Transp., Inc.*, 771 F. App'x 883, 894–95 (11th Cir. 2019). And even when a jury hears improper testimony, the trial court can often cure the error by promptly instructing the jury to disregard it. *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013) (citing *United States v. Gabay*, 923 F.2d 1536, 1541 (11th Cir. 1991)); *see Bruton v. United States*, 391 U.S. 123, 135 (1968). The Court therefore disfavors motions in limine made for purposes other than excluding clearly inadmissible evidence that could irretrievably impact a trial's fairness.

## III. DISCUSSION

Of the four types of evidence and argument Allstate seeks to exclude, two relate to evidence and two concern opinion testimony. The Court addresses each in turn.

### A. Allstate's Arguments on Relevance

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. If evidence is not relevant, it is inadmissible. Fed. R. Evid. 402. A court may also "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### *1. Allstate's Public Image*

Allstate argues that, because this is a breach of contract action, comments or evidence concerning Allstate's corporate status, size, wealth, financial condition, or power are irrelevant and prejudicial. (Doc. 28 at 3.) The Picketts do not oppose an order excluding this evidence. (Doc. 34 at 2.) They "ask only that the order not be read to exclude evidence of the resources Allstate devoted, or failed to devote, to investigating this specific claim, such as the adjuster's training, the time spent on the investigation, or the materials reviewed before Allstate issued its September 7, 2023, estimate." (*Id.* at 2–3.)

The Court agrees that evidence or argument about Allstate's corporate image is generally irrelevant to whether Allstate breached the policy and should thus be excluded. The Court also notes that this prohibition does not apply to evidence concerning the resources Allstate devoted to investigating the Picketts' claim. Nor does this Order prevent the Picketts from offering evidence of Allstate's routine practice if it would otherwise be admissible. *See* Fed. R. Evid. 406.

### *2. Unfair Claims Settlement Practices Act as Evidence of Bad Faith*

In addition to their breach of contract claim, the Picketts seek attorneys' fees and a bad faith penalty. (Doc. 1-1 ¶¶ 31–44, 46); *see* Ga. Code Ann. § 30-4-6. Allstate argues that violations of the Unfair Claims Settlement Practices Act ("USCPA") cannot be used as evidence of bad faith. (Doc. 28 at 5.) The Picketts agree that because the USCPA does not create a private cause of action, they do not intend to argue that a USCPA violation entitles them to recovery on their bad faith claim. (Doc. 34 at 4–5.) They ask only that the Court limit this Order to not extend to evidence of how Allstate handled their claim. (*Id.*)

"Bad faith is shown by evidence that under the terms of the policy upon which the demand is made and under the facts surrounding the response to that demand, the insurer had no good cause for resisting and delaying payment." *R&G Inv. & Holdings, LLC v. Am. Fam. Ins. Co.*, 337 Ga. App. 588, 599 (2016) (citation omitted). While violating certain provisions of the USCPA may provide evidence that an insurer underpaid a claim in bad faith, "the mere fact that Allstate did or did not comply with the UCSPA is not relevant." *Armstead v. Allstate Prop. & Cas. Ins. Co.*, No. 1:14-CV-586-WSD, 2016 WL 4123838, at *7 (N.D. Ga. July 1, 2016).

Because a violation of the USCPA does not support a finding that Allstate acted in bad faith under section 33-4-6, it is irrelevant and thus inadmissible for that purpose. The Picketts thus cannot present evidence merely to show that Allstate violated the USCPA, nor can they reference USCPA violations in their argument. But evidence that is otherwise relevant will not be excluded merely because it could support a finding that Allstate violated the USCPA.

## B. Allstate's Arguments on Opinion Testimony

### *1. Opinions on Allstate's Duties Under the Insurance Policy*

The Picketts' claims in this action are based on an insurance policy they held with Allstate. Allstate moves to exclude any expert opinion testimony about the policy's meaning. (Doc. 28 at 4.) The Picketts object to this request only to the extent that it may be understood to prevent their lay opinion testimony on causation and damages. (Doc. 34 at 3–4.)

Under Georgia law, insurance is a matter of contract. *Nationwide Mut. Fire Ins. Co. v. Somers*, 264 Ga. App. 421, 423–24 (2003). A contract's construction is generally a question of law for the Court. *Id.*; Ga. Code Ann. § 13-2-1. And the words in a contract "generally bear their usual and common signification." Ga. Code Ann. § 13-2-2(2). But where the terms of a contract are ambiguous, Georgia courts "apply the rules of contract construction to resolve the ambiguity." *Certain Underwriters at Lloyd's of London v. Rucker Constr., Inc.*, 285 Ga. App. 844 (2007). If the rules of construction do not resolve the ambiguity, the issue of what the ambiguous language means becomes a question for the jury. *Id.* (citation omitted). In that situation, an expert opinion on the relevant custom and usage may be required. *See Armstead*, 2016 WL 4123838, at *5.

An order prohibiting expert testimony on the policy's coverage and Allstate's duties under the policy is unnecessary for two reasons. First, because policy interpretation is a question of law for the Court, any expert opinion on Allstate's duty or the policy's coverage would be an inadmissible expert legal opinion. *See Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990). The court must instead "be the jury's only source of law." *Id.* (citations omitted). Second, the Picketts disclosed no expert witnesses and will therefore present none at trial. (Doc. 34 at 5.) The order Allstate requests would thus serve only to restate the rules of evidence.

### *2. Undisclosed Expert Opinions*

Allstate moves to exclude the opinion testimony of any undisclosed expert witness. (Doc. 28 at 7–9.) A party must disclose the identity of each expert witness it may call at trial and provide a written report from each expert. Fed. R. Civ. P. 26(a)(2). "If a party fails to identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c); *see Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds*, *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457–58 (2006).

Allstate identifies Javier Martin of Leading Public Adjusters and a representative of Zoe's Small Home Repair Services as witnesses the Picketts may present as experts. (*Id.* at 9.) Allstate contends that the Picketts cannot utilize these witnesses as experts because they did not provide any expert witness reports.[1] (*Id.*) The Picketts concede that they did not disclose these witnesses as experts but maintain that they will testify only as lay witnesses. (Doc. 34 at 5.)

In effect, the parties already agree that they cannot present expert testimony from an undisclosed expert. The Court need not prohibit testimony that the parties agree is inadmissible. But if the Picketts were to attempt to elicit an expert opinion from an undisclosed witness at trial, Allstate could object at that time.

## IV. CONCLUSION

Allstate's omnibus motion in limine, (Doc. 28), is **GRANTED in part** and **DENIED in part**. The Picketts may not present evidence or argument that references Allstate's public image, including references to Allstate's size, wealth, finances, advertising, or reputation. Nor may the Picketts present evidence or argument to show that Allstate violated the USCPA. They may, however, offer the same evidence if it is otherwise relevant to their claims, even if it could support a finding that Allstate violated the USCPA.

[1] Allstate dedicates much of its argument on this point to the application of "Local Rule 26.2," and cites to the Local Rules of the Northern District of Georgia. (Doc. 28 at 7.) The Court need hardly remind defense counsel that this Court sits in the Middle District of Georgia where the Northern District's local rules do not apply. In fact, there is no Local Rule 26.2 in this district. *See generally* M.D. Ga. Civ. L.R.

The Court denies Allstate's motion to the extent that it requests an order prohibiting the Picketts from offering (1) opinion testimony from any undisclosed expert witness; or (2) expert legal testimony about the insurance policy's coverage and Allstate's duties under the policy. But nothing in this Order should be construed as preventing Allstate from making the same objections at trial, if justified.

**SO ORDERED**, this 27th day of October, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**