**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| PHYLLIS GIBSON PICKETT and SAMIUL PICKETT,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COPMPANY,<br><br>Defendant. | Case No.: 7:24-CV-00141-WLS |

**ORDER**

Plaintiffs Phyllis and Samiul Pickett move in limine for an order permitting them to offer lay opinions at trial. (Doc. 29). The Picketts intend to testify to (1) the causal connection between Hurricane Idalia and the damage to their property; and (2) the cost to repair their property. (Doc. 29 at 1.)

## I. FACTUAL & PROCEDURAL BACKGROUND

The Picketts allege that in August 2023, Hurricane Idalia damaged their home. (Doc. 1-1 ¶ 8.) The Picketts submitted a claim for coverage under a home insurance policy they held with Allstate. (*Id.* ¶ 9.) Allstate estimated Plaintiffs' covered loss to be $1,414.54 in actual cash value and their repair cost to be $1,634.21. (*Id.* ¶ 14.) After applying a policy deductible and a recoverable depreciation reduction, Allstate issued the Picketts a $1,121.18 payment. (*Id.* ¶ 15.) The Picketts, however, estimate their covered losses to be $84,512.07. (*Id.* at 62.) The Picketts sued Allstate in Lowndes County Superior Court for breach of contract and seek attorneys' fees and a bad faith penalty. (*Id.* ¶¶ 21–44.)

The Picketts move for an order permitting them to testify about (1) the causal connection between Hurricane Idalia and the damage to their property; and (2) the cost to repair their property. (Doc. 29 at 1.)

## II. LEGAL STANDARD

The purpose of a motion in limine is to avoid the introduction of evidence at trial that "is clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of trial. *See Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, No. 2:07-CV-16-FtM-99SPC, 2011 WL 470651, at *2 (M.D. Fla. Feb. 2, 2011) (citations omitted). But the context at trial is often necessary to determine the admissibility of evidence. That is why "*in limine* rulings to admit or exclude evidence are always preliminary and conditioned on what the evidence shows at trial." *Rosenfeld v. Oceania Cruises, Inc.*, 682 F.3d 1320, 1325 (11th Cir. 2012) (Tjoflat, J., dissenting) (citations omitted); *see Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."). Additionally, a ruling on a motion in limine does not relieve counsel of their duty to make proper contemporaneous objections at trial. *See Cephus v. CSX Transp., Inc.*, 771 F. App'x 883, 894–95 (11th Cir. 2019). And even when a jury hears improper testimony, the trial court can often cure the error by promptly instructing the jury to disregard it. *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013) (citing *United States v. Gabay*, 923 F.2d 1536, 1541 (11th Cir. 1991)); *see Bruton v. United States*, 391 U.S. 123, 135 (1968). The Court therefore disfavors motions in limine made for purposes other than excluding clearly inadmissible evidence that could irretrievably impact a trial's fairness.

The Picketts request an order permitting them to offer lay opinion testimony on the cause of damage to their home, and the associated repair costs. A lay witness may offer opinion testimony if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

## III. DISCUSSION

### A. Causation

The Picketts contend that expert testimony is not required to prove causation between Hurricane Idalia and the damage to their home. (Doc. 29 at 6.) In support, they cite a relevant, albeit nonbinding, Eleventh Circuit decision. In *Greater Hall*, the Court of Appeals concluded

that, under Georgia law, "expert testimony is not necessarily required to prove causation in the insurance-contract context, and that—even in the face of admissible expert testimony from the defendant—the plaintiff may satisfy its burden of proof with circumstantial lay testimony." *Greater Hall Temple Church of God v. Southern Mutual Church Ins. Co.*, 820 F. App'x 915, 922 (11th Cir. 2020) (per curiam).[1] While the Eleventh Circuit's unpublished opinion analyzing Georgia law does not control the Court's application of federal evidence law, the underlying principle is sound. Georgia courts have likewise held that "visual observation is not essential in determining whether a particular force produced a given result." *U.S. Fire Ins. Co. v. Tuck*, 115 Ga. App. 562, 571 (1967). When applying this principle to Rule 701, courts in this circuit have similarly concluded that expert testimony is not necessarily required to prove that a hurricane damaged property. *Guidry-Davis v. State Farm Fire & Cas. Co.*, 713 F. Supp. 3d 1190, 1206 (S.D. Ala. 2024); *Rogers v. State Farm Fire & Cas. Co.*, 690 F. Supp. 3d 1346 (S.D. Ala. 2023) (finding that lay witness testimony about damage they observed can allow a jury to conclude that a hurricane caused the damage).

Allstate counters that only a qualified expert can testify about the causal connection between Hurricane Idalia and the damage to the Picketts' house. (Doc. 33 at 5–6.) It relies on *Matthews v. State Farm Fire & Casualty Co.*, in which the court concluded that "testimony regarding inquiries into allegations of structural damage at a home falls within specialized knowledge and is the proper subject of expert testimony . . . ." No. 1:10-CV-1641-SCJ, 2012 WL 12964370, at *7 (N.D. Ga. Feb. 13, 2012). But this proposition does not demonstrate that a lay witness can *never* testify to causation. It instead demonstrates a basic principle of the Federal Rules of Evidence: while "only a qualified expert witness may offer testimony related to scientific, technical or other specialized knowledge," a lay witness may offer an opinion rationally based on their perception. *Id.* at *6; *see* Fed. R. Evid. 701–702. Thus, while an opinion on causation is "a proper matter for expert testimony"[2] in some home insurance cases, in

---

[1] In an earlier non-binding opinion, the Eleventh Circuit concluded that a lay opinion based on another's observations is inadmissible. *Nix v. State Farm Fire & Cas. Co.*, 444 F. App'x 388, 390 (11th Cir. 2011) (per curiam). Even if this case were binding, it would not prevent a lay witness from offering opinion testimony based on their own observations. *See id.*

[2] Allstate appears to inadvertently misattribute this quoted language to *Newman v. Travelers Ins. Co.*, 143 Ga. App. 757 (1977). (Doc. 33 at 6 n.15.)

others it is a proper matter for lay testimony. *See Matthews*, 2012 WL 12964370, at *6 (quoting *Coursey Bldg. Assoc. v. Baker*, 165 Ga. App. 521, 523 (1983)).

Here, whether the Picketts' testimony will be admissible as lay opinions will depend on the context in which it is offered at trial. Suppose that on a given day homeowner observes that his roof is in good condition and does not leak. The next day, a hurricane strikes. Once the storm abates, the homeowner sees that several roof tiles have been swept from the roof, which is now leaking. The homeowner could testify that the roof was in good condition before the storm but began to leak afterward. On this foundation, the homeowner's lay opinion that the hurricane caused the damage to his roof would fall squarely within Rule 701's requirements. First, it is rationally based on his perception because he observed the roof's condition before and after the storm. Second, his opinion that the storm caused the damage to his roof would be helpful to clarify his testimony and to determine the fact in issue—that the storm damaged his roof. Third, the opinion would not require the homeowner to delve into the finer points of structural engineering. He would instead be testifying about the straightforward relationship between a cause and an effect that he directly observed. Such an opinion would not require "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). A homeowner could not, on the other hand, offer a lay opinion that his house's framing was constructed according to the appropriate building standards and that he was able to isolate a particular storm as the cause of a latent structural defect. Only a qualified expert would be able to offer such an opinion. *See* Fed. R. Evid. 702.

All this is to say that the Picketts can, upon a proper foundation, offer a lay opinion that Hurricane Idalia damaged their house. The scope of this testimony will, however, depend on the context established at trial.

## B. Repair Costs

The Picketts also move for an order permitting them, as lay witnesses, to testify about the cost to repair their property. (Doc. 29 at 1–2.) They intend to testify about both the amount they have paid so far and the estimated cost of completing the repairs. (*Id.*) Because Allstate concedes that the Picketts can testify about their out-of-pocket expenses, the Court addresses only whether they can testify about the estimated cost of future repairs. (*See* Doc. 33 at 2.)

An owner of property is generally competent to testify about its value. *Sabal Trail Transmission, LLC v. 3.921 Acres of Land in Lake Cnty. Fla.*, 947 F.3d 1362 (11th Cir. 2020) (quoting *Neff v. Kehoe*, 708 F.2d 639, 644 (11th Cir. 1983)). An owner's opinion on the property's value can, however, be refuted through cross examination or independent evidence. *Kestenbaum v. Flagstaff Brewing Corp.*, 514 F.2d 690, 698 (5th Cir. 1975) *modified on other grounds en banc*, 575 F.2d 564 (5th Cir. 1978).[3] But if the owner's estimate is based "solely on speculative factors, it may be of such minimal probative force to warrant a judge's refusal even to submit the issue to the jury." *Williams v. Mosaic Fertilizer, LLC*, 889 F.3d 1239, 1250 (11th Cir. 2018) (quoting *Kestenbaum*, 514 F.2d at 699).

In *Sabal Trail*, a district court permitted a landowner to testify about how a pipeline running through her property affected its value. *Sabal Trail*, 947 F.3d at 1369. On appeal, the plaintiff argued that the district court should have excluded this testimony because the landowner "had no prior experience selling property encumbered by a pipeline and thus lacked personal knowledge about whether the pipeline diminished the parcel's value." *Id.* The Court of Appeals rejected this argument. *Id.* at 1369–70. It reasoned that "her opinions about what purchasers were looking for were drawn from her experience selling 25 similar lots for rural residential development." *Id.* at 1369. The court thus concluded that because the landowner's opinion was based on her personal knowledge and experience, the district court did not abuse its discretion by allowing her testimony. *Id.* at 1369–70. In *Williams*, on the other hand, the Court of Appeals affirmed a district court's exclusion of a homeowner's lay testimony about her home's value because it was based on "pure speculation." *Williams*, 889 F.3d at 1250–51. There, the homeowner stated that she did "not believe that a rational, educated person, who had knowledge of the presence of the toxic emissions and/or their long-term health effects would want to acquire residential property in her neighborhood." *Id.* at 1250. In other words, she based her valuation on only her own subjective belief rather than her perception, as would be required by Rule 701. *See id.*

---

[3] The Eleventh Circuit adopted as binding precedent all published decisions that the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Here, if the Picketts' opinion on the cost of future repairs is rationally based on their perception as property owners, it is likely an admissible lay opinion. *See* Fed. R. Evid. 701. If, on the other hand, their opinion testimony is "pure speculation" not related to their perception, it will be of the kind that was properly excluded in *Williams*. A technical depreciation calculation requiring specialized judgment would likewise be inadmissible because it falls within the realm of expert testimony. *See* Fed. R. Evid. 702. Allstate contends that the Picketts' testimony on the estimated cost of repair will be of this type. (Doc. 33 at 7.) It states that "[i]t is well settled that opinions regarding scope of damage, cost to repair, and restoration are based on specialized knowledge and, therefore, expert opinions . . . ," but cites no binding authority to support this proposition. (*Id.*) Nor could this proposition logically be drawn from the case it relies on. *See Armstead v. Allstate Property & Casualty Insurance Co.*, No. 1:14-CV-586-WSD, 2016 WL 928722 (N.D. Ga. Mar. 11, 2016). In *Armstead*, the court excluded testimony from experts whom the plaintiff retained to challenge the insurer's damage estimate but failed to disclose as experts under Federal Rule of Civil Procedure 26(a)(2)(B). *Id.* at *3, *6. But the court also noted that these experts could offer lay opinions based on their perception to the extent that they did not require specialized knowledge. *See id.* at *3 n.2. Whether the Picketts' testimony falls within the scope of an expert or lay opinion will depend what foundation is laid and what they testify to, which will in turn depend on the context at trial.

Allstate also argues that the Picketts may not offer a lay opinion based only on another person's valuation. (Doc. 33 at 4–5.) In support, Allstate relies primarily on *Taxinet Corp. v. Leon*, in which Eleventh Circuit concluded that a business owner cannot offer another person's valuation as their own lay opinion. 114 F.4th 1212, 1226 (11th Cir. 2024). In other words, a lay witness "cannot simply serve as the mouthpiece for otherwise inadmissible hearsay." *Id.* While *Taxinet* concerned a lay witness's opinion on the value of his business rather than the cost of repairing a property, the principle that a witness cannot convey another person's out-of-court statement is broadly applicable. *See id.*; *see also United States v. Reyes*, 18 F.3d 65, 67–69 (2d Cir. 1994) (concluding that a witness's testimony about information learned from a declarant is hearsay even if the witness does not repeat the declarant's statements).

The Picketts cannot, for instance, testify about what the repair costs will be if their estimate is based only on what someone else told them. That testimony would be inadmissible hearsay because it would offer a third party's out-of-court statement to prove the matter asserted in the statement. *See* Fed. R. Evid. 801(c), 802. But the Picketts could testify about the estimated repair cost to the extent that it is based on their own perception. This is so even if their opinions are based partially on conversations with others. *Cf. Taxinet Corp.*, 114 F.4th at 1225 ("The owner of a business may give an opinion on value even if that opinion is partially informed by what others have said or written.") Naturally, the line between hidden hearsay and a permissible lay estimate "is sometimes difficult to discern." *Id.* That is why the context at trial is so often necessary to determine the admissibility of evidence. So, while the Picketts can offer a lay opinion about the cost to repair their home, their opinion cannot require specialized knowledge, merely relate inadmissible hearsay, or be based only on speculation.

## IV. CONCLUSION

The Picketts' motion for an order permitting lay testimony about (1) the causal connection between Hurricane Idalia and the damage to their property; and (2) the cost to repair the property, (Doc. 29), is **GRANTED**. But, as discussed above, the scope of their lay testimony is circumscribed by Rule 701 and will depend on the context established at trial. Nothing in this Order should be construed as preventing Allstate from raising the same objections to evidence at trial, if justified.

**SO ORDERED**, this 27th day of October, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**